UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWUDU LAHADI,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN JEREMY CASEY,<br><br>                                    Respondent. | Case No.:  3:26-cv-1751-CAB-JLB<br><br>**ORDER:**<br>**(1) DISCHARGING ORDER TO SHOW CAUSE, [Doc. No. 10]; and**<br><br>**(2) DENYING AS MOOT MOTIONS TO RE-ISSUE ORDER FOR A BOND HEARING, TO PROCEED IN FORMA PAUPERIS, AND TO APPOINT COUNSEL, [Doc. Nos. 7–9].** |

On March 19, 2026, Petitioner Awudu Lahadi filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging that he had been in immigration detention since December 2024.  [Doc. No. 1 ("Petition").]  After Respondent conceded that the "Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight[,]" [Doc. No. 4], the Court ordered Respondent to provide Petitioner such a hearing by April 13, 2026.  [Doc. No. 5 at 1–2.]  On April 28, 2026, Petitioner notified the Court that he received a bond hearing on April 10, 2026 where

the immigration judge denied bond because Petitioner "is subject to mandatory detention under [8 U.S.C. § 1225(b)(2)] as an applicant for admission." [Doc. No. 9 at 4.]

The Court then ordered Respondents to show cause why Petitioner had not received a bond hearing as Respondents had conceded, and this Court ordered, he should. [Doc. No. 10.] The response stated that "both the immigration court and the agency misconstrued the [C]ourt's order and believed Petitioner was subject to mandatory detention under § 1225(b)(2) and that they did not have jurisdiction to conduct an individualized bond hearing under 8 U.S.C. § 1226(a)." [Doc. No. 11.] Though the Court finds this response both implausible and inconsistent, Respondent has acknowledged the error and since provided Petitioner with an individualized bond hearing where the immigration judge found that clear and convincing evidence showed Petitioner posed a risk of flight. [Doc. No. 11-1 at 2.] The order to show cause is thus discharged.

Having resolved the merits of the Petition, the Court **DENIES AS MOOT** Petitioner's motion requesting a re-issuance of the Court's order for a bond hearing, [Doc. No. 9], motion to proceed in forma pauperis, [Doc. No. 7], and motion to appoint counsel, [Doc. No. 8].

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: May 21, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-1751-CAB-JLB